## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 16 2017, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Jeffery A. Earl | Karen Celestino-Horseman |
| Danville, Indiana | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

*In re* Adoption of C.H. and H.H.,

S.S.,

*Appellant,*

v.

J.N. and Z.N.,

*Appellees-Interveners*

May 16, 2017

Court of Appeals Case No.
32A01-1607-AD-1599

Appeal from the Hendricks
Superior Court

The Honorable Robert W. Freese,
Judge

Trial Court Cause No.
32D01-1512-AD-32

**Baker, Judge.**

[1]    S.S. (Mother) appeals the trial court's order finding that her consent to the adoption of her children by J.N. and Z.N. (collectively, Adoptive Parents) was not required and granting the Adoptive Parents' petition to adopt the children. Mother argues that the evidence is insufficient to make the requisite statutory showing that her consent is not required. Finding the evidence sufficient, we affirm.

# Facts

[2]    Mother and A.H. (Father) were never married. C.H. was born to the couple on November 3, 2005, and H.H. was born to the couple on December 28, 2006.[1] At some point, Mother and Father became estranged and have lived separate lives for years.

[3]    Over the years, Mother and all of her children have been involved with the Department of Child Services in Putnam, Monroe, Morgan, Marion, and Hendricks Counties. The most recent encounter occurred in 2010, when Mother was convicted of neglect of a dependent and the children were placed with Father. Since that time, Mother has had only supervised visitation with the children and has never sought to have that changed. In addition to ordering that the children be placed with Father, the trial court ordered that Mother was

---

[1] Mother has two other children by a different father; both of those children have been adopted with Mother's consent.

to pay $77 per week in child support. She has never paid child support pursuant to that order.

[4]    Mother states that she suffers from bipolar disorder, anxiety, and depression. Her bipolar disorder is untreated because she refuses to take medication; instead, she was self-medicating with marijuana. Mother also has a history of alcoholism and drug use. She has been required to submit to drug tests as a condition of probation for various criminal convictions.[2] In 2013, she failed to report twice and tested positive for THC twice; in 2014, she failed to report three times, tested positive for THC five times, and tested positive for methamphetamine on one occasion; in 2015, she failed to report nine times and tested positive for THC three times.

[5]    In January 2014, Father died. The children had lived with Father and his uncle since August 2010. Throughout those years, Mother visited the children only sporadically. The children maintained a regular relationship with Adoptive Parents; J.N. is their godmother. She saw the children regularly, helped them with homework, and celebrated holidays and birthdays with them. The children also maintained a regular relationship with P.S. (Aunt), Mother's sister. After Father's death, Aunt and Adoptive Parents filed competing motions for third-party custody of the children in the paternity case. The paternity court awarded temporary primary custody of the children to Aunt,

---

[2] Mother has been convicted of neglect of a dependent, prostitution, and theft.

awarded visitation to Adoptive Parents, and awarded supervised parenting time to Mother. Mother has seen the children on a regular basis since they have been placed with Aunt. The children are bonded to Aunt and to Adoptive Parents.

[6] Aunt has three children of her own, two of whom have serious medical issues. Aunt has been diagnosed with post-traumatic stress disorder and panic disorder with agoraphobia. She suffers from regular panic attacks and is not currently receiving treatment for her diagnoses.

[7] In December 2015, Aunt and the Adoptive Parents filed competing petitions to adopt the children. The trial court consolidated the two petitions into one cause.[3] The trial court held an evidentiary hearing from May 16 through May 20, 2016. On June 16, 2016, the trial court issued a thorough and detailed order granting the Adoptive Parents' petition, denying Aunt's petition, and finding that Mother's consent to the adoption is not required. Mother now appeals.

## Discussion and Decision

[8] When we review a trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion and the trial court reached an opposite conclusion. *In re Adoption of M.L.*, 973 N.E.2d 1216, 1222 (Ind. Ct. App. 2012). On appeal, we will not reweigh the evidence,

---

[3] Other ongoing cases in other counties related to custody and guardianship of the children were also transferred to the trial court in the underlying case.

instead focusing on the evidence and inferences most favorable to the trial court's decision. *Id.* We generally give considerable deference to a trial court's rulings in family law matters, "as we recognize that the trial judge is in the best position to judge the facts, determine witness credibility, get a feel for family dynamics, and get a sense of the parents and their relationship with their children." *Id.*

[9] As a general matter, the parent of a child must consent to the adoption of the child by a third party. Ind. Code § 31-19-9-1. Indiana Code section 31-19-9-8(a) provides multiple exceptions to the general rule. Relevant to this case are the following exceptions:

> Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:
>
> \*\*\*
>
> (2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>
> (A) fails without justifiable cause to communicate significantly with the child when able to do so; or
>
> (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.
>
> \*\*\*

(11) A parent if:

    (A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and

    (B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.

I.C. § 31-19-9-8. Here, the trial court found Mother's consent was not required for all three reasons: she failed without justifiable cause to communicate with the children when able to do so; she knowingly failed to provide for their care and support when able to do so as required by judicial degree; and she was unfit to be a parent.

[10] Although Mother focuses primarily on the finding regarding her financial support of the children, we elect to turn, instead, to the trial court's findings regarding her fitness as a parent:

> As [Mother] herself has admitted, she is unable to care for or provide for her children. Further, she has admitted to years of substance abuse, untreated mental health disorders, and, as the evidence showed, a history of bad judgment regarding her children and instability in housing and employment. The Court finds that the [Adoptive Parents] have proven by clear and convincing evidence that [Mother's] consent to the adoption is not required pursuant to I.C. 31-19-9-8(a)(11)(A)-(B). The Court notes that just two days before this trial began, [Mother's] boyfriend was charged with committing domestic abuse in the home they shared and in front of the child which [Mother] was babysitting.

Appellant's App. p. 25. The trial court later found that it is in the children's best interests to be placed with and adopted by the Adoptive Parents. *Id.* at 27-28. We find a wealth of evidence in the record supporting the trial court's conclusion that the Adoptive Parents proved by clear and convincing evidence that Mother is unfit and its implicit conclusion[4] that it is in the children's best interests for Mother's consent to be dispensed with so that they can be adopted by Adoptive Parents.

[11] Mother also argues, without elaboration, that because she consented to the adoption of the children by Aunt, the trial court should have granted Aunt's petition and denied that of the Adoptive Parents. As already noted, however, Mother's consent was not required. And in any event, Aunt has not appealed the denial of her petition to adopt the children, and Mother may not appeal on her behalf. Consequently, this argument is unavailing.

[12] The judgment of the trial court is affirmed.

Robb, J., and Barnes, J., concur.

---

[4] Mother argues that because the trial court did not explicitly state that it was in the children's best interests for her consent to be dispensed with, this finding cannot stand. We disagree. The trial court cited to both subsections of the statute, finding that both elements had been proved by clear and convincing evidence. Furthermore, by finding that it was in the children's best interests to be adopted by Adoptive Parents, to which Mother did not consent, it implicitly also found that it was in their best interests to dispense with her consent.